IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2008 JUL 14 AM 10: 56

TEXAS-EASTERN

BY_____

| | | |
|---|---|---|
| STEWART ROLAND NUZZI | § | |
| VS. | § | CIVIL ACTION NO. 4:04cv41 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Stewart Roland Nuzzi, a federal prisoner, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections are without merit. For the reasons set forth below, Movant has failed to show either deficient performance or prejudice related to his claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, movant has failed to state that if not for counsel's alleged errors he would have pleaded not guilty and proceeded to trial.

Allowing movant to plead guilty in front of the jury to two of the four counts against him could have been a reasoned trial strategy on counsel's part in light of the overwhelming evidence against movant. *See Cagle v. Dretke*, 2004 WL 130644 (N.D. Tex. 2004); *United v. Short*, 181 F.3d 620, 624-25 (5th Cir. 1999). Counsel argued that movant had pleaded guilty to what he was actually guilty of. Further, movant was not prejudiced by counsel's conduct.

Movant has also failed to show counsel provided ineffective assistance for failing to request a limiting instruction regarding movant's plea of guilty to two counts. Such a limiting instruction would not have been proper in this case. Just as when a defense strategy relies on a co-conspirator's guilt, Movant cannot be heard to complain of the admission of his guilty plea when he instigates such admission, or attempts to exploit the evidence of such. *See United States v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990); *United States v. Ahmad*, 62 F.3d 396 at *4 (5th Cir. 1995) (unpublished).

Additionally, Movant has failed to show counsel's failure to object to the Rule 11 plea for failing to meet the requirements of Rule 11 amounted to ineffective assistance. The harmless error analysis applies to all errors made in Rule 11 plea colloquy. *United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993). To determine whether the error was harmless, the court asks two questions: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did the variance affect substantial rights of the defendant? *Id.* at 298. Movant was sentenced to 168 months on Counts One and Two, and 120 months on Count Five to run concurrently to each other.[1] Accordingly, Movant has failed to show that his substantial rights were affected. Thus, counsel's

---

[1] Further, a violation of Rule 11 warrants § 2255 relief only if the violation is (1) jurisdictional or constitutional, (2) a fundamental defect resulting in a complete miscarriage of justice, (3) an omission that is not consistent with the rudimentary demands of fair procedure, or (4) presents exceptional circumstances. *United States v. Saldana*, 731 F.2d 1192, 1193 (5th Cir. 1984). Movant has failed to make the requisite showing in this case.

failure to object was harmless, and Movant has failed to show he was prejudiced. Accordingly, Movant's motion to vacate, set aside or correct sentence should be denied.

### ORDER

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED this 12th day of July, 2008.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE